Vincente **FAJARDO–ESTRADA,**
Petitioner,

v.

John **ASHCROFT, U.S. Attorney General, Respondent.**

No. 02–60643.

United States Court of Appeals,
Fifth Circuit.

July 7, 2003.

---

Before BARKSDALE, DEMOSS, and
BENAVIDES, Circuit Judges.

Summary Calendar

PER CURIAM.*

Vincente Fajardo–Estrada challenges a
final order of removal issued by the Board
of Immigration Appeals (BIA) on July 3,
2002. Following an evidentiary hearing,
the immigration judge (IJ) found Fajardo–
Estrada removable on the charge of inad-
missibility under section 212(a)(6)(E)(i) of
the INA, 8 U.S.C. § 1182(a)(6)(E)(i), for
knowingly encouraging, inducing, assisting,
abetting, or aiding another alien to enter
or trying to enter the United States in
violation of law, based on his conviction for
aiding and abetting illegal entry, 8 U.S.C.
§ 1325(a)(3). The IJ also denied his appli-
cation for cancellation of removal and de-
nied his request for voluntary departure.
The BIA summarily affirmed the IJ's deci-
sion pursuant to 8 C.F.R. § 3.1(a)(7).

Fajardo–Estrada argues that the BIA
violated his right to due process by affirm-
ing his appeal without opinion. He argues
that because the BIA did not give an ex-
planation for its decision, he has no indica-
tion that his appeal received any consider-
ation on the merits.

This court rejected a due process chal-
lenge to the "streamlining" regulation, 8
C.F.R. § 3.1(a)(7), which authorizes a sin-
gle Board member to affirm, without opin-
ion, the results of an immigration judge's

decision, in *Soadjede v. Ashcroft,* 324 F.3d
830, 832–33 (5th Cir.2003). This court
held that the summary affirmance proce-
dures do not violate due process and do
not deprive the court of a basis for judicial
review. We agreed with the First Cir-
cuit's statements in *Albathani v. INS,* 318
F.3d 365 (1st Cir.2003), that the use of the
summary affirmance procedures do not
lead to the inference that the BIA did not
conduct the required review. *Soadjede,*
324 F.3d at 832.

Fajardo–Estrada does not argue
that his case did not meet the criteria for
application of the streamlined review pro-
cedures contained in 8 C.F.R.
§ 3.1(a)(7)(ii). Nor does he argue that the
decision in his case is not supported by
substantial evidence, and thus, he has
abandoned the merits of his immigration
appeal. *Brinkmann v. Dallas County
Deputy Sheriff Abner,* 813 F.2d 744, 748
(5th Cir.1987); *Soadjede,* 324 F.3d at 833.

PETITION FOR REVIEW DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.